IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01725-BNB

CHESTER O. GILLINGS,

    Plaintiff,

v.

LARRY C. SCHWARTZ, Individually and personally, and
DIANE CUNEO,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Chester O. Gillings, is a resident of Pueblo, Colorado. He initiated this action on July 3, 2012, by filing a "Verified Complaint" and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. He has been granted leave to proceed *in forma pauperis*.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.*

Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 for violations of his Fifth and Fourteenth Amendment rights. Plaintiff is challenging the disposition of a petition for allocation of parental responsibilities filed in Case No. 10DR980 in the Tenth Judicial District of Colorado. Complaint at 2. He alleges that Defendant Judge Larry C. Schwartz was assigned to preside over the petition and that Defendant Diane Cuneo was appointed by Judge Schwartz to serve as the child's legal representative. *Id.* As his first claim, Mr. Gillings asserts that his rights to due process and equal protection were violated because during a hearing on "temporary orders," Defendant Judge Schwartz prevented him from "presenting evidence of his fitness as a parent and his involvement in his daughter's life prior to the filing of the petition." *Id.* He further alleges that Defendant Judge Schwartz "knew . . . that he did not have subject matter jurisdiction concerning the determination of paternity, and that he lacked personal jurisdiction over plaintiff with regards to claims for child support." *Id.* at 3. Finally, he alleges that Defendant Judge Schwartz "sharply limited and curtailed the parenting time available" to Mr. Gillings, based on "his own personal animus" towards Mr. Gillings. *Id.* As his second claim, Mr. Gillings alleges that Defendant Judge Schwartz and Defendant Cuneo engaged in a conspiracy to violate his constitutional rights. He asserts that Defendant Cuneo refused to contact his witnesses, and that she unfairly and with basis recommended that his parenting time be limited. *Id.* at 4-6. He also alleges that she was improperly permitted to offer evidence into the record and improperly engaged in *ex parte* communications. *Id.* He alleges that the named Defendants "acted intentionally to terminate the parental rights of Plaintiff in absence of any observance of the rights of due process." *Id.* at 7. As relief, Plaintiff seeks damages.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

After review of the Complaint, the Court finds that it lacks subject matter jurisdiction to consider the claims raised in this action. Plaintiff may not challenge child custody or child support orders in this Court. The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"). Review of the state court judgment must proceed to the state's

highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. See *Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments, but also bars cases that are "inextricably intertwined" with a prior state court judgment. See *Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004), *overruled in part on other grounds by Exxon Mobil Corp.*, 544 U.S. 280. "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Crutchfield*, 389 F.3d at 1148. Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." See *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997).

Plaintiff is challenging court orders entered in the State of Colorado regarding the custody of and child support for his daughter. Review of the claims would require the Court to review the state court judgment that dealt with the custody decree and ordered child support. Therefore, the Court finds that the Complaint must be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. See *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986).

In addition, the state court custody and child support actions involve important state interests. The Supreme Court has stated that "'[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and

not to the laws of the United States.'" *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (quoting *Ex Parte Burrus*, 136 U.S. 586, 593-94 (1890)). Consequently, federal courts do not have diversity jurisdiction over divorce and alimony decrees and child custody orders. *Ankenbrandt*, 504 U.S. at 703.

Also, Defendant Judge Larry C. Schwartz is immune from suit. This defendant is a judge who presided over the proceedings Plaintiff is challenging. A judge is absolutely immune from liability in civil rights suits when he is acting in his judicial capacity, unless he acts in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Nothing Plaintiff asserts in the complaint supports a finding of clear absence of all jurisdiction in the judge's actions. Nonetheless, the Court will dismiss the action for lack of subject matter jurisdiction.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied with leave to re-file in the Tenth Circuit.  It is

DATED at Denver, Colorado, this   13th   day of     July     , 2012.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court